943 F.2d 52
 21 U.S.P.Q.2d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert H. OSKIERA, an individual d/b/a Moparts Marketplace,
AP Ranch, Performance Connection Center, RHO
Publications, Defendant Counter Claimant-Appellant,
v.
CHRYSLER MOTORS CORPORATION, Plaintiff Counter Defendant-Appellee.
 No. 90-2079.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this trademark infringement action, defendant-appellant Robert H. Oskiera appeals the district court's grant of partial summary judgment and injunctive relief in favor of plaintiff-appellee Chrysler Motors Corporation ("Chrysler"). For the following reasons, we affirm the district court's grant of injunctive relief, but find that we are without jurisdiction to address the grant of partial summary judgment.
 
 I.
 
 2
 MOPAR is a registered trademark of Chrysler. Chrysler has consistently used the MOPAR mark since the 1930's, and it has been registered since that time also. MOPAR is a trademark for auto parts, accessory kits, catalogues and other Chrysler products. Chrysler also has a magazine entitled MOPAR Performance News.[1] Chrysler's mark MOPAR has attained incontestable status under 15 U.S.C. § 1065.[2]
 
 
 3
 Oskiera, an individual doing business as Moparts Marketplace, AP Ranch, Performance Connection Center and RHO Publications, publishes a magazine called MOPERFORMANCE, without permission or license of any kind from Chrysler. MOPERFORMANCE deals largely, if not exclusively, with Chrysler products. The name MOPERFORMANCE was first used in 1984, but was not registered until 1989.
 
 
 4
 On December 6, 1989, Chrysler filed suit against Oskiera alleging intentional trademark infringement, unfair competition, and violation of the Michigan Consumer Protection Act, M.S.A. §§ 19.418(3)(a), (c), (s), (bb) and (cc). Oskiera filed a counterclaim, also alleging intentional trademark infringement, unfair competition, and violation of the Michigan Consumer Protection Act. Oskiera claimed that Chrysler's use of its own mark, MOPAR, in conjunction with the word "performance" infringed his MOPERFORMANCE mark.
 
 
 5
 Chrysler moved for partial summary judgment on May 24, 1990. Chrysler sought summary judgment on its trademark infringement claim and dismissal of Oskiera's counterclaim. The district court granted motion after a hearing on June 28, 1990. The court also granted Chrysler "permanent" injunctive relief. This appeal followed.
 
 II.
 
 6
 Initially, we address a jurisdictional concern. 28 U.S.C. § 1292(a)(1) provides that "the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district court's ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." Hence, this court without doubt has jurisdiction to review the district court's grant of injunctive relief in this case pursuant to 28 U.S.C. § 1292(a)(1). However, Fed.R.Civ.P. 54(b) states in relevant part:
 
 
 7
 When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims or parties[.]
 
 
 8
 The district court's order in this case, entitled "Order of Partial Summary Judgment and Injunctive Relief," was not final under Rule 54(b) because it did not resolve all the claims presented and the court did not expressly direct final judgment. Moreover, the district court did not certify this appeal as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Thus, the question remains whether this court has jurisdiction to hear an appeal with respect to the district court's grant of partial summary judgment under 28 U.S.C. § 1292(a)(1).
 
 
 9
 28 U.S.C. § 1292(a)(1) grants this court jurisdiction to hear appeals from interlocutory orders of district courts granting an injunction. Section 1292(a)(1) confers no jurisdiction with respect to grants of partial summary judgment. Therefore, to the extent that Oskiera appeals something other than the injunction, we have no jurisdiction. Our jurisdiction in this case is limited to reviewing the district court's grant of injunctive relief.
 
 III.
 
 10
 In granting partial summary judgment, the district court found that Oskiera's use of the term MOPERFORMANCE infringed upon Chrysler's MOPAR trademark. The court "permanently" enjoined Oskiera from using the term MOPERFORMANCE "on any magazine, on literature associated with any magazine or on any activity sponsored or approved by Defendant." J.App. at 293. Although the district court characterized its grant of injunctive relief as permanent, it was in effect a preliminary injunction. Fed.R.Civ.P. 54(b) (quoted above); United States v. Bayshore Associates, Inc., Nos. 89-1454/2112 (6th Cir. May 30, 1991) ("[T]he actual effect on an order, rather than the district court's characterization of it, shall be considered on appeal.").
 
 
 11
 We review a district court's grant of a preliminary injunction under an abuse of discretion standard. Tyson Foods, Inc. v. McReynolds, 865 F.2d 99, 101 (6th Cir.1989). This court has set forth four factors to be considered in determining whether the district court abused its discretion in granting or denying a preliminary injunction: (1) whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits; (2) whether the plaintiffs have shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. Id. at 101. After careful review in light of the above factors, we find that the district court did not abuse its discretion in granting injunctive relief.
 
 
 12
 "The touchstone of trademark law is the 'likelihood of confusion.' " Little Caesar Ent., Inc. v. Pizza Caesar, Inc., 834 F.2d 568, 570 (6th Cir.1987). Under the Lanham Act, 15 U.S.C. § 1114, "the test of trademark infringement is 'likelihood of confusion' as to the source of origin." Induct-O-Matic Corp. v. Inductotherm Corp., 747 F.2d 358, 361 (6th Cir.1984). The factors a court should consider to determine whether the alleged infringement of a trademark causes a likelihood of confusion include: (1) strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. Wynn Oil Co. v. Thomas, 839 F.2d 1183, 1186 (6th Cir.1988) (citing Frisch's Restaurants v. Elby's Big Boy, Inc., 670 F.2d 642, 648 (6th Cir.), cert. denied, 459 U.S. 916 (1982)).
 
 
 13
 "When reviewing a lower court's decision in [trademark infringement] cases, we apply a clearly erroneous standard to findings of fact supporting the likelihood of confusion factors, but review de novo the legal question whether, given the foundational facts as found by the lower court, those facts constitute a 'likelihood of confusion.' " Wynn Oil, 839 F.2d at 1186 (citing Frisch's Restaurant, Inc. v. Shoney's, Inc., 759 F.2d 1261, 1264 (6th Cir.1985)).
 
 
 14
 The district court considered most of the seven likelihood of confusion factors listed above and concluded that there was a likelihood of confusion between MOPAR and MOPERFORMANCE. MOPAR is no doubt the priority mark in this dispute, as it was in use fifty years before Oskiera began using the term MOPERFORMANCE. In weighing the strength of the mark MOPAR, the district court concluded that the mark is "very strong." J.App. at 322. The court believed that the mark "has acquired a distinctive meaning through substantial exclusive and continuous application." Id. at 323. Thus, the court stated that MOPAR "has attained a secondary meaning." Id. at 324.
 
 
 15
 Concerning the relatedness of the goods, the court found that the MOPAR products and the MOPERFORMANCE magazine were related. The MOPAR trademark refers to Chrysler products and the MOPERFORMANCE mark publicizes Chrysler products. Regarding the similarity of the marks, the court stated that
 
 
 16
 there is a good chance of confusion here. MOPERFORMANCE is a magazine that deals with Chrysler products and MOPAR is a name, and the fact that MOPAR involves automobile parts and MOPERFORMANCE is a magazine I don't think is controlling in any way because, as counsel conceded in argument, he could not put out a magazine called MOPAR even though that's a magazine and the Chrysler MOPAR are automobile accessories.
 
 
 17
 Id. at 323. Hence, the court concluded that "it is a very serious similarity of marks." Id. at 324.
 
 
 18
 The next factor is whether there was any evidence of actual confusion. Here, the court stated that
 
 
 19
 There is some evidence of actual confusion because some checks written by Defendant's customers had to be returned because they were made out to MOPAR PERFORMANCE.
 
 
 20
 Id.[3] The fifth factor is the marketing channels used. The court found that the marketing channels were different.
 
 
 21
 In discussing Oskiera's intent in selecting his mark, the court was influenced by Chrysler's long use of MOPAR and the term's success. The court noted:
 
 
 22
 Clearly the Defendant had notice of the word MOPAR, they knew that Plaintiff had been using the mark for almost 45 years before he adopted the MOPERFORMANCE name in 1984, and certainly had constructive notice of Plaintiff's earlier registration.
 
 
 23
 Id. at 324. See WSM, Inc., v. Tennessee Sales Co., 709 F.2d 1084, 1087 (6th Cir.1983) ("Wrongful intent ... may be inferred from defendant's acts.... 'When a defendant, who is aware of the ... mark or other device of the plaintiff, appropriates it without justification, it is conclusively presumed that he intends all injuries attributable to his intentional piracy.") (citations omitted). The court did not consider the likely degree of purchaser care or the likelihood of expansion of the product lines. We note, however, that the likelihood of expansion of the product line here may weigh in favor of a finding of likelihood of confusion considering Chrysler's MOPAR Performance News.
 
 
 24
 After weighing the above factors, the court concluded that there was a likelihood of confusion and that there had been some actual confusion. After reviewing the record, we cannot say that the district court's findings of fact supporting the likelihood of confusion factors are clearly erroneous. In fact, they are clearly supported by the record and, to some extent, conceded by Oskiera. In his appellate brief, Oskiera acknowledges that "the strength of Chrysler's mark MOPAR is substantial." Appellant's Brief at 8.
 
 
 25
 Hence, we find that Chrysler's likelihood of success on the merits was substantial. Moreover, because there is a substantial likelihood of confusion it follows that Chrysler has shown that Oskiera's continued use of the term MOPERFORMANCE would inflict irreparable harm. We find that the preliminary injunction here does not cause substantial harm to others. Finally, we conclude that due to the likelihood of confusion the public interest would be served by issuing a preliminary injunction.[4] The district court did not abuse its discretion in granting Chrysler a preliminary injunction.
 
 III.
 
 26
 Accordingly, we find that we are without jurisdiction to review the district court's grant of partial summary judgment. We AFFIRM the district court's grant of injunctive relief.
 
 
 
 [1]
 This magazine was formerly called Performance News. It was re-titled in 1988
 
 
 [2]
 15 U.S.C. § 1065 provides in relevant part:
 [T]he right of the registrant to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable[.]
 
 
 [3]
 We realize that the returned checks primarily involve MOPAR PERFORMANCE and MOPERFORMANCE, rather than just MOPAR and MOPERFORMANCE. However, in light of the circumstances of this case, we think these matters were appropriately considered by the court below. Nonetheless, we note that evidence of actual confusion is not necessary to a finding of likelihood of confusion. Frisch's, 670 F.2d at 648
 
 
 [4]
 Our findings here may appear to be somewhat conclusory. However, Oskiera did not challenge the latter three factors to be considered in determining whether the district court's grant of a preliminary injunction was proper